UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOCELYN CERVANTES, individually and for others similarly situated,

Plaintiff,

-against-

CAREATHOME MEDICAL PRACTICE, P.C. d/b/a VESTA HEALTHCARE and CAREATHOME MEDICAL PRACTICE (CA), P.C.,

Defendants.

26-cv-570 (AS)

MEMORANDUM OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

This action was brought pursuant to the California Labor Code and the Fair Labor Standards Act (FLSA). The parties advised the Court that they agreed to a settlement regarding the FLSA claims, stipulated to conditional certification of an FLSA collective action for purpose of issuing notice of the settlement, and submitted the executed settlement agreement and memorandum of law addressing why the settlement should be approved. Dkts. 34, 37, 38.

The FLSA settlement's key terms are a release by opt-in plaintiffs of any claims against Defendants related to this case in exchange for a pro rata payment from a total settlement fund of $100,700, of which $7,500 will be paid to named plaintiff Jocelyn Cervantes as a service award, $14,299 will go toward costs the settlement administrator incurs to distribute the settlement notice and settlement awards, and $35,728.80 will be paid to Cervantes' counsel for costs and attorneys' fees, leaving a net settlement fund of $43,172.20. Dkt. 38.

## LEGAL STANDARDS

"[C]ourts review FLSA collective action settlements in several stages." *Caccavale v. Hewlett-Packard Co.*, 2024 WL 4250337, at *21 (E.D.N.Y. Mar. 13, 2024). First is a preliminary review of the fairness of a proposed settlement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Should the Court grant preliminary approval, notice is sent to members of the conditionally certified collective, giving them an opportunity to opt in to the collective and accede to the settlement. Then the Court will consider a motion for final approval of the settlement, giving all opt-in plaintiffs the opportunity to object. *Caccavale*, 2024 WL 4250337, at *21.

When evaluating the fairness of a settlement agreement under *Cheeks*, district courts consider the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). These factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* at 335 (internal quotations omitted). "In addition, courts should not approve agreements that contain 'highly restrictive confidentiality provisions' and 'overbroad' releases of claims." *Rubio v. Pebo Traviata Pizza Corp.*, 2018 WL 11450178, at *1 (S.D.N.Y. Aug. 7, 2018) (quoting *Cheeks*, 796 F.3d at 206). And "if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).

## DISCUSSION

The Court will construe the motion as one for preliminary approval. Having reviewed the motion, settlement agreement, damages calculations, and billing records, the Court denies preliminary approval of the proposed settlement and attorneys' fees and costs. Because the parties stipulate only to conditional certification of an FLSA collective for the purpose of settlement, and the Court denies preliminary approval of the proposed settlement, the Court will leave it to the parties to determine whether they would like to submit a renewed motion for both approval of a revised settlement and certification of a collective action.

### I. Settlement

First, as to the possible range of recovery, the plaintiff estimates that the maximum amount recoverable based on the claims alleged is approximately $630,860, should all potential collective members opt in. Dkt. 41 at 6.[1] Defendants agreed to a settlement in the total gross amount of $100,700.00, representing approximately 16% of the maximum possible recovery. Dkt. 38 at 2.

---

[1] Plaintiff has offered two different estimates of the maximum amount recoverable, with no explanation for the disparity. With zero analysis or supporting documentation, the motion for approval stated that the maximum amount recoverable "if all 212 potential collective members joined the case" would be "approximately $628,741." Dkt. 37-1 at 8. In a declaration filed after the Court requested clarification, the maximum recovery was estimated to be "approximately $630,860," based on damages for 218 potential plaintiffs. Dkt. 41 at 6. While noting that this figure involves some potentially dubious assumptions—such as that all collective members were paid the same rate as Cervantes, and that Cervantes did 15 minutes of unpaid work before the start of each shift, even though she alleged she did 15-20 minutes of such work before every shift—the Court will use this second figure because it is at least backed by some explanation.

This amount is comparable to other settlements approved in this circuit. *See, e.g.*, *Kudo v. Panda Rest. Grp., Inc.*, 2015 WL 13879800, at *2 (S.D.N.Y. June 26, 2015) (approving a settlement that was 20.3% of Plaintiffs' maximum possible recovery); *Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 58 (E.D.N.Y. 2010) (approving a settlement that was 13% of the best possible recovery).

The Court finds that this amount is fair and reasonable in light of the risks and expenses of continued litigation, both sides were represented by experienced counsel, and there is no evidence of fraud or collusion between the parties. A settlement at this stage avoids the incurrence of additional litigation expenses—should litigation continue, Cervantes could face a motion to dismiss, discovery, a motion for summary judgment, and trial. *See Santos v. YMY Mgmt. Corp.*, 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) ("In light of . . . the seriousness of the litigation risks, and the burdens of establishing each party's case at trial, the Court finds that the proposed settlement amount is fair and reasonable."). For instance, proving the amount and frequency of "off the clock work" for each potential plaintiff would likely be a fact-intensive inquiry, and defendants would argue that individualized circumstances preclude certification as a collective action under the FLSA. *See* Dkt. 37-1 at 8. And even should Cervantes ultimately prevail at trial, defendants' serious financial problems suggest that a judgment could be difficult or impossible to collect in full. *See* Dkt. 41 at 7–8.

However, the agreement also contains a "publicity" provision whereby plaintiffs' counsel and named plaintiff "agree that they shall not, directly or indirectly, whether verbally, in writing or otherwise, issue any press releases, make any statements to the media, advertise in any media, or make any other public statements regarding the existence of nature of this Agreement or its terms and conditions." Dkt. 38 at 10. This runs afoul of the "well-settled principle" in this Circuit that "an FLSA plaintiff ordinarily cannot—as a matter of public policy—be prohibited from making truthful public statements concerning his lawsuit, its settlement, or the underlying facts." *Altamirano v. 535 W. 163rd St. HDFC*, 2023 WL 5048115, at *1 (S.D.N.Y. July 25, 2023) (collecting cases).

In their motion for approval, the parties do not even attempt to defend this provision or argue that any special circumstances make this "the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate." *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015). Nor does the provision include a "carve-out for truthful statements about plaintiffs' experience litigating their case," which might save an otherwise unreasonable confidentiality clause. *Lazaro-Garcia v. Sengupta Food Servs.*, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015); *see also Miranda v. Grace Farms, Inc.*, 2022 WL 1771720, at *4 (S.D.N.Y. May 31, 2022). The Court is therefore constrained to reject a settlement with such a confidentiality provision. *See Fisher*, 948 F.3d at 606 (holding a district court may approve or reject a settlement of FLSA claims but may not modify the agreement itself).

## II. Attorneys' Fees and Costs

Ordinarily, the Court would not decide on the reasonableness of attorneys' fees until the final-approval stage. But here, plaintiff's proposed order seeks approval of these fees now. Plaintiff's counsel seeks attorneys' fees of "an amount up to 33.3% of the Gross Settlement Amount (*i.e.* $33,533.10)" and costs in "the amount of case expenses and taxable court costs actually incurred by Plaintiffs' Counsel" which "shall not exceed $2,195.70." Dkt. 38 at 2–3. The Court cannot approve an indeterminate amount of fees and costs. But assuming plaintiff's counsel is seeking $33,533.10 in attorneys' fees and $2,195.70 in costs, the Court does not find the requests to be reasonable.

Start with costs. The motion for approval contains no explanation or documentation for the costs plaintiff's counsel seeks to recoup. An earlier declaration submitted in conjunction with a motion for default judgment documented expenses accounting for part, but not all, of the costs plaintiff's counsel claims here. Dkt. 27 at 12 (documenting $2,046.70 in litigation costs). The Court is obviously unable to adjudicate or approve the reasonableness of costs that plaintiff's counsel made no effort to explain or document.

Regarding fees, the Court rejects the request for $33,533.10 in attorneys' fees for two reasons. First, the proposed fee is unreasonably high. The attorneys' fee represents approximately 33% of the gross $100,700 settlement amount, but a whopping 77.67% as a percentage of the fund less costs and service awards. *See Beckert v. Ronirubinov*, 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs."); *accord Morales v. MBG Taverns Inc.*, 2019 WL 13256262, at *1 (S.D.N.Y. June 24, 2019). Such a high award is atypical in this district and unlikely to be approved barring unusual circumstances. *See, e.g. Beckert*, 2015 WL 8773460, at *3; *Uribe v. Prestige Car Care of NY Inc.*, 2023 WL 5917550, at *1 (S.D.N.Y. Aug. 9, 2023).

Second, plaintiff's counsel failed to submit adequate documentation supporting the request for fees. Even when the proposed fees do not exceed an excessive percentage of the net settlement amount, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Santos*, 2021 WL 431451, at *2 (citation omitted). To that end, "[t]o aid a court in determining the reasonableness of proposed attorney's fees, counsel must submit evidence providing a factual basis for the award. In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Wolinsky*, 900 F. Supp. 2d at 336. Counsel submitted such billing records documenting 18.4 hours of work performed through May 19, 2026. After that date, counsel merely attests to performing "substantial additional work," but does not attach any records documenting the date or time any specific tasks were performed. A conclusory, after-the-fact "estimate" of total hours worked, untethered from any specific dates or tasks, does not meet the documentation required by *Wolinsky* and does not give the Court a factual basis to assess the

reasonableness of the award. Dkt. 41 at 9. *See, e.g. Run Guo Zhang v. Lin Kumo Japanese Rest. Inc*., 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015) (deducting time from plaintiffs' counsel's lodestar calculation based on vagueness of billing entries). The Court is therefore unable to even calculate a lodestar with which to check the reasonableness of the requested fees.

**CONCLUSION**

Accordingly, the Court finds that the proposed settlement agreement does not meet the requirements for approval under *Cheeks* and denies the request for attorneys' fees and costs. The parties may submit a revised settlement, request for conditional certification as an FLSA collective, and proposed attorneys' fees for preliminary approval under Fed. R. Civ. P. 41(a). If they decide not to go the conditional-certification route, they may also pursue an offer of judgment under Fed. R. Civ. P. 68(a), which would not be subject to the Court's approval. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019) ("[J]udicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims"). The parties are ORDERED to inform the Court by November 2, 2026 of how they intend to proceed.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 37.

SO ORDERED.

Dated: October 28, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge